UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENICE JACKSON,

    Plaintiff,

v.                                CASE NO. 8:06-cv-1759-T-30MAP

HOBART ENTERPRISES, INC., *et al*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This FLSA action is in the post-judgment phase. The Clerk entered final default judgment against Defendants Hobart Enterprises and Larry Greenbaum, jointly and severally, in the amount of $17,445.59 (doc. 45); Plaintiff now seeks to garnish the $10,873.69 in Mr. Greenbaum's bank account at BB&T Bank (doc. 55). Mr. Greenbaum claims the money in his account is exempt from garnishment because he provides more than one-half of the support for his daughter and earns less than $750 per week (doc. 53). I held two hearings to determine the validity of Mr. Greenbaum's claimed exemption (docs. 58, 62). After learning that the monies in Mr. Greenbaum's bank account are mostly proceeds from the sale of his home, I find that he does not have a valid exemption from garnishment, and recommend garnishment judgment be entered for Plaintiff.

    *A. Garnishment Procedure*

In accordance with Rule 69, Federal Rules of Procedure, the procedure on execution of a judgment "must accord with the procedure of the state where the court is located, but

federal statute governs to the extent it applies." Fed. R. Civ. P. 69. Chapter 77, Florida Statutes, governs the issuance of writs of garnishment. These statutes are strictly construed. *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009) ("Garnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute.") (citing *Robinson v. Robinson*, 154 Fla. 464, 18 So. 2d 29 (1944); *Pleasant Valley Farms & Morey Condensory Co. v. Carl,* 90 Fla. 420, 106 So. 427 (1925); *Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc.,* 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001)).

Garnishment procedures in Florida are as follows: After obtaining judgment, the garnishment plaintiff may move for issuance of a writ of garnishment. Fla. Stat. § 77.03. The garnishee has 20 days to answer the writ after the garnishment plaintiff serves the writ. Fla. Stat. § 77.04. The answer should include, among other information, "what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer." *Id.* Next, the garnishment plaintiff sends the garnishment defendant notice of the writ, as well as a claim exemption form. Fla. Stat. § 77.041. That form permits a garnishment defendant to claim one or more listed exemptions from garnishment. *Id.* If the garnishment Defendant wishes to claim an exemption, he must complete the form and file it with the clerk's office within twenty days. *Id.* The plaintiff must thereafter object within 8 business days if the claim of exemption was hand delivered and 14 business days if it was served by mail. *Id.* The court should then schedule a hearing to determine the validity of the claim. The party claiming the exemption

bears the burden of proof. *See Cole v. American Capital Partners*, 2010 WL 114890 (S.D. Fla. 2010) (citing *Bernal v. All American Realty*, 2009 WL 586010 (S.D. Fla. 2009) (noting that movant had burden of showing by preponderance of evidence that all or part of the money contained in account was not subject to garnishment because it did not belong to him)).

   *B. Facts*

After being served with the writ, BB&T reported that Mr. Greenbaum had $10,873.69 in his bank account (doc. 51). Mr. Greenbaum claimed the money in the account was exempt from garnishment because he provides more than one-half of the support for a dependant and earns less than $750 per week (doc. 53). He explained that the money consists primarily of proceeds from the sale of the home he owned with his ex-wife (doc. 62-2). But some of the money may be wages from his prior employment at Carefree Resorts.

Mr. Greenbaum also explained that the money in his BB&T account is being used primary for child support payments for his daughter (doc. 62-1). Mr. Greenbaum presently owes $8,432 in child support (*id.*). However, Mr. Greenbaum also uses the money in his BB&T account for his living expenses, as he is currently unemployed.

   *C. Discussion*

The child support exception that Mr. Greenbaum claims stems from Fla. Stat. § 222.11(2)(b), which states, "Disposable earnings of a head of a family, which are greater than $750 a week, may not be attached or garnished unless such person has agreed otherwise in writing." The statute defined earnings as "compensation paid or payable . . . for personal

services or labor whether dominated as wages, salary, commission, or bonus." Fla. Stat. § 222.11(1)(a). Courts have made clear that the garnishment exemption only applies to monies representing the account owner's "earnings." *See, e.g., In re Tobkin*, 638 F. App'x 822, 824 (11th Cir. 2015), *cert. denied sub nom. Tobkin v. Calderin*, 136 S. Ct. 2025 (2016), *In re McDermott*, 425 B.R. 848, 851 (Bankr. M.D. Fla. 2010), *aff'd,* No. 6:10-CV-890-ORL-31, 2011 WL 740727 (M.D. Fla. Feb. 24, 2011) (exemption does not apply to discretionary draws from a business); *Vining v. Segal*, 731 So. 2d 826, 826 (Fla. 3d DCA 1999) (exemption does not apply when earnings are mixed with other proceeds).

Here, it is undisputed that the majority of the money in Mr. Greenbaum's account represents proceeds from the sale of his former home. Any wages presently in the account are mixed with, and indistinguishable from, the house sale proceeds. Therefore, the money is not "earnings" pursuant to § 222.11, and Mr. Greenbaum cannot properly claim the child support exemption.

*D. Conclusion*

For the reasons stated, it is RECOMMENDED:

1. Plaintiff's motion for entry of final judgment of garnishment against garnishee BB&T Bank (doc. 55) be GRANTED.

2. The Court enter a final judgment of garnishment against garnishee BB&T Bank in the amount of $10,873.69.

IT IS SO REPORTED in Tampa, Florida on April 12, 2017.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.